**Abe EWING and Otis Ewing v. STATE.**

No. 18532.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

C. Bennett, of Brownsville, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for five years.

Upon the written request of appellants, duly verified by their affidavits, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

**Ray FOWLER v. STATE.**

No. 18483.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

W. D. Benson, Jr., of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft; punishment, two years in the penitentiary.

We find with this record an affidavit in due form made by the appellant asking that his appeal be dismissed. The request is granted, and the appeal is dismissed.

**McKinley GUY v. STATE.**

No. 18378.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

Sam H. Allred, of Hillsboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for hog theft, the punishment assessed being two years in the penitentiary.

Appellant has filed with this court his affidavit advising that he does not desire to further prosecute his appeal. In compliance with his suggestion, the appeal is ordered dismissed.

**Robert INGRAM v. STATE.**

No. 18690.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

J. K. Russell and A. C. Chrisman, both of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft is the offense; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**Robert INGRAM v. STATE.**

No. 18691.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

**1118**

J. K. Russell and A. C. Chrisman, both of Cleburne, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**Lester PENNY v. STATE.**

No. 18689.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

Clark Wills, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for theft, a felony; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**Dan POPE v. STATE.**

No. 18615.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

Horton B. Porter, of Hillsboro, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of an automobile is the offense; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**R. N. STOWERS v. STATE.**

No. 18463.

Court of Criminal Appeals of Texas.

Oct. 14, 1936.

Paul E. Parkins, of Gladewater, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for felony theft, the punishment assessed being two years in the penitentiary.

Appellant has filed an affidavit with this court advising that he does not desire to further prosecute his appeal. Complying with appellant's suggestion, the appeal is ordered dismissed.

**Bessie TEAL v. STATE.**

No. 18489.

Court of Criminal Appeals of Texas.

June 17, 1936.

Wm. E. Davenport, of San Angelo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for violation of the present local option law, punishment being assessed at a fine of $100 and thirty days in jail.

The information is fatally defective. See Whitmire v. State (Tex.Cr.App.) 94 S.W. (2d) 742, opinion delivered May 20, 1936.

The judgment is reversed and prosecution ordered dismissed under the present complaint and information.